IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANTHONY F., THERESA F., and J.F.,<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>HIGHMARK BLUE CROSS BLUE SHIELD,<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO TRANSFER VENUE**<br><br>Case No. 2:19-cv-00183-HCN-PMW<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Howard C. Nielson, Jr. referred this matter to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant First Priority Life Insurance Company's[2] ("Defendant") motion to transfer venue.[3] Pursuant to DUCivR 7-1(f), the court elects to determine the present motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. Having reviewed the parties' briefs and the relevant law, the court renders the following Memorandum Decision and Order.[4]

---

[1] *See* ECF No. 16.

[2] Defendant remarks that the proper name of Defendant is First Priority Life Insurance Company—not Highmark Blue Cross Blue Shield. First Priority Life Insurance Company is a subsidiary of Highmark, Inc.

[3] *See* ECF No. 27.

[4] As a threshold matter, the court addresses its authority under 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b). The Tenth Circuit has held that "[m]otions not designated on their face as one of those excepted in [§ 636(b)(1)(A)] are nevertheless to be treated as such when they have an identical effect." *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988)). A number of courts have held that a motion to transfer venue does not have a dispositive effect, even if granted. *See, e.g., Berentsen v. Titan Tech. Partners, Ltd.,* No. 08-cv-02415-MSK-KMT, 2009 WL 122564, at *1 (D. Colo. Jan. 15, 2009) (holding that a motion to transfer venue was not dispositive in nature because "if granted, it simply would move

## BACKGROUND

Plaintiffs Anthony F. and Theresa F. (collectively "Plaintiffs") are participants in a self-funded employee welfare benefits plan subject to the Employee Retirement Income Security Act ("ERISA"), governed by 29 U.S.C. § 2001 *et seq*. Plaintiff J.F. is the child of Anthony F. and Theresa F., and a beneficiary of the health plan. J.F. received inpatient residential treatment in Vermont, at True North, from March 16, 2016 to June 29, 2016, and in Utah, at Triumph, from July 10, 2016 to July 7, 2017. True North and Triumph are treatment facilities that provide sub-acute inpatient treatment to adolescents with mental health, behavioral, and/or substance abuse problems. Defendant denied Plaintiffs' claims for benefits for J.F.'s treatment at True North and Triumph.

Having exhausted the appeals process, Plaintiffs filed suit against Defendant asserting a claim for benefits under ERISA, *see* 29 U.S.C. § 1132(a)(1)(B), and a claim for violation of the Mental Health Parity and Addition Equity Act, *see* 29 U.S.C. § 1132(a)(3), together with interest, and attorney's fees and costs.

Defendant seeks to transfer venue to the Western District of Pennsylvania "[f]or the convenience of the parties and witnesses, in the interest of justice" pursuant to 28 U.S.C. § 1404(a). Plaintiffs are residents of Pennsylvania. Defendant is the claims administrator, and FPLIC is the insurer of the plan at issue. FPLIC is headquartered and incorporated in the

---

this litigation from one court to another"); *Vanmeveren v. Int'l Bus. Machs. Corp.*, No. 03-1145-JTM, 2005 WL 3543179, at *2 (D. Kan. Dec. 27, 2005) (holding that defendants' motion seeking an intra-district transfer from Wichita to Kansas City was not dispositive because such a transfer would not prevent any party from pursuing its claims or banish either party from federal court). In light of the foregoing case law, the court treats the instant motion to transfer venue as seeking non-dispositive relief.

Pennsylvania. FPLIC is part of the Highmark Health enterprise that is also headquartered in Pennsylvania and provides coverage to members throughout the state. The plan is located and administered in Pennsylvania. All correspondence related to Plaintiffs' appeals were sent and received by each of the parties at the respective addresses in Pennsylvania. The only connection to Utah in this case is that J.F.'s treatment was provided in Utah. For these reasons, Defendant argues the case should be transferred based on *forum non conveniens*. Plaintiffs counter that their choice of forum should remain undisturbed because Defendant has failed to meet its burden to demonstrate the balance of relevant factors tips strongly in favor of transfer.

## DISCUSSION

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." To satisfy section 1404(a), the moving party must establish two prerequisites. *See RES-NV, LLC v. Rosenberg*, No. 2:13CV00115DAK, 2013 WL 3548697, at *2 (D. Utah July 11, 2013). First, the moving party must establish that the transferee court is a forum in which the action could have been originally brought. *See Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515 (10th Cir. 1991) ("[Section] 1404(a) does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants, even if they consent to suit there."). Second, the moving party "bears the burden of establishing that the existing forum is inconvenient." *Id.* It is undisputed that this action might have been brought in the District of Pennsylvania. Therefore, the court is left to determine whether Defendant has met its burden to demonstrate that the District of Utah is inconvenient.

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Id.* at 1515–16 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). In deciding whether a case should be transferred to another venue in the interest of justice, courts in the Tenth Circuit generally consider the following factors:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; [and] the advantage of having a local court determine questions of local law.

*Id.* at 1516. The Tenth Circuit has repeatedly held that "[u]nless the balance is strongly in favor of the movant, plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). The party moving to transfer a case pursuant to section 1404(a) bears the burden of establishing that the existing forum is inconvenient. *See Chrysler Credit Corp.*, 928 F.2d at 1515.

Defendant argues that the administration of the plan has no connection to the District of Utah, that any relevant documents and witnesses are not located in Utah, and the court docket in Pennsylvania is less congested than the court docket in Utah. Defendant has not identified specific witnesses or other advantages of litigating in Pennsylvania that would justify transferring the case away from Plaintiffs' choice of forum.

In ERISA benefit denial cases, the scope of the court's review is generally limited to the record compiled by the plan, insurer, or claims administrator based on the information

exchanged between the parties. The record is typically produced by defendants to plaintiffs in electronic format. The factors outlined in *Chrysler Credit Corp.*, 928 F.2d at 1516, either do not apply to this case or do not weigh in favor of transferring venue.

Defendant cites to District Court of Utah cases in which venue has been transferred under facts similar to those of this case to support their assertion that transfer of venue is warranted here. *See Richard T.B. v. United Healthcare Ins. Co.*, No. 2:18-CV-73, 2019 WL 145736, at *1 (D. Utah Jan. 9, 2019); *IHC Health Servs., Inc. v. Eskaton Props. Inc.*, No. 2:16-CV-3-DN, 2016 WL 4769342, at *1 (D. Utah Sept. 13, 2016); *Danny P. v. Catholic Health Initiatives*, No. 1:14-CV-00022-DN, 2015 WL 164183, at *1 (D. Utah Jan. 13, 2015); *David L. v. McGraw-Hill Cos., Inc. Grp. Health Plan*, No. 1:13-CV-00176 DS, 2014 WL 1653197, at *1 (D. Utah Apr. 23, 2014); *Island View Residential Treatment Ctr. v. Kaiser Permanente*, No. 1:09-CV-3, 2009 WL 2614682, at *1 (D. Utah Aug. 21, 2009).

However, in other similar instances, this court has declined to transfer venue, particularly where the Defendant does not provide the court with evidence establishing the inconvenience of the Utah forum. *See, e.g., D.K. v. United Behavioral Health*, No. 2:17-CV-01328, 2018 WL 5281467, at *1 (D. Utah Oct. 24, 2018); *Bruce R. v. United Behavioral Health*, No. 2:18-CV-00003, 2018 WL 10232936, at *1 (D. Utah June 1, 2018); *IHC Health Servs., Inc. v. Cadence Aerospace, LLC*, No. 2:18-CV-12-DB, 2018 WL 2138656, at *1 (D. Utah May 9, 2018); *Gail F. v. QualCare, Inc.*, No. 1:15-CV-00130-DN, 2017 WL 589112 (D. Utah Feb. 14, 2017); *Brightway Adolescent Hospital v. Hawaii Mgmt. Alliance* Association, 139 F.Supp. 2d 1220 (D. Utah 2001); *Briesch v. Automobile Club of Southern California*, 40 F. Supp.2d 1318 (D. Utah 1999).

As discussed above, J.F. received treatment in Utah for over a year. In light of the sensitive nature of the medical treatment involving a minor, it is Plaintiffs' desire that the case be handled in Utah for privacy reasons. While not overwhelming, Plaintiffs' connection is sufficient to warrant deference to Plaintiffs' decision to litigate here. Here, the Defendant has not provided the court with evidence, other than speculative evidence, to show the balance is strongly in favor of Defendant. Therefore, the court concludes that Defendant has not met its burden of establishing with evidence the level of inconvenience necessary to disturb Plaintiff's choice of forum. Additionally, the court does not see a significant enough difference in the docket congestion between Pennsylvania and Utah to warrant transfer on such grounds alone. Accordingly, the motion is denied.

## **ORDER**

For the foregoing reasons, Defendant's motion to transfer venue[5] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 21st day of April, 2020.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge

---

[5] *See* ECF No. 27.